IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RONRICO D. JOSLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-cv-1284 |
| v. ) | |
| ) | Judge Trauger |
| METRO NASHVILLE/DAVIDSON ) | Magistrate Judge Brown |
| COUNTY, TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

~~PROPOSED~~ **INITIAL CASE MANAGEMENT ORDER**

A Case Management Conference is scheduled to be held in the above-entitled action on **Wednesday, October 16, 2013**, at **3:00 p.m.** Plaintiffs' counsel has communicated with defense counsel[1] and, as a result, the parties submit the following proposed order for the Court's consideration.

**A.     JURISDICTION:** This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343(a), and supplemental jurisdiction over State law claims pursuant to 28 U.S.C. §1367(a). Jurisdiction is not disputed, although the parties recognize the Court's discretion to decline to exercise supplemental jurisdiction under the circumstances delineated in 28 U.S.C. § 1367(c).

**B.     BRIEF THEORIES OF THE PARTIES:**

   **1)     PLAINTIFFS' THEORY:**

---

[1] Earlier today, defense counsel submitted their own proposed order (DE 84), which should be superseded now that all counsel have communicated with each other.

Per Count One, the three Plaintiffs have valid 42 U. S. C. §1983 claims against defendant Officers Layne, McIsaac, Galluzzi, and Mackall, based on their racially motivated conduct. The three Plaintiffs have valid §1983 claims against defendant Officers Layne, McIsaac, Donaldson, Galluzzi, Pirtle, and Mackall, based on their excessive use of force. Per Count Four, Plaintiff Walter Joslin has a valid state law claim for intentional battery against defendant Officers Pirtle, Layne, Kizer, McIsaac, Galluzi, and Mackall. Plaintiff Ronrico Joslin has a valid state law claim for intentional battery against defendant Officers Layne, McIsaac, Donaldson, Galluzi, and Mackall. Plaintiffs anticipate discovery will show that other defendant officers (of the original individual defendants, only officer Eby and officer Starling excluded), conspired or cooperated with the above-named officers in said constitutional and state law violations.

As to defendant Officer Edmond Strickling, per Count One, Plaintiff Ronrico Joslin has a valid §1983 claim against Officer Strickling for removing/confiscating his cell phone video in December 2011. Plaintiff Mary Mitchell has a valid §1983 claim against defendant Officer Edmond Strickling for leading a retaliatory raid and illegal search of her home in November 2012. Per Count Five, the Plaintiffs likewise have a valid claim against defendant Officer Edmond Strickling under Tennessee law for outrageous conduct not tolerated by civilized society in connection with these two related events. Plaintiffs anticipate discovery will show that other defendant officers, including officer Adam Read, conspired or cooperated with Officer Strickling to achieve these illegal ends.

Per Count One, the three Plaintiffs have valid §1983 or state law claims against defendant Metropolitan Government due to its deliberate indifference, evidenced by a custom, policy, or practice thereof, based upon the racially motivated conduct, and/or excessive use of force (constituting intentional battery), and/or outrageous conduct of its above-described individual officers.

In sum, tortuous behavior of the above-named defendants constitute the cause-in-fact and proximate cause of the Plaintiffs' injuries and damages, not any alleged criminal behavior on their part. None of the defendants are immune to any of the above-described claims based on a defense of qualified or governmental immunity. Plaintiffs anticipate discovery will justify the imposition of punitive damages against at least some of the above-named defendants.

2) **DEFENDANTS' THEORIES AND DEFENSES:**

a. **Defendant Edmond Strickling**

Plaintiffs fail to state a claim against Officer Strickling based on any constitutional violation or on the state-law tort of outrageous conduct.

Even if Plaintiff Ronrico Joslin does state a constitutional or a state-law claim against Officer Strickling for tampering with his cell phone video card, the other two Plaintiffs (Walter Joslin and Mary Mitchell) fail to state such a claim.

Even if Plaintiff Mary Mitchell does state a constitutional or a state-law claim against Officer Strickling for entering her residence without a search warrant, the other two Plaintiffs (Walter Joslin and Ronrico Joslin) fail to state such a claim.

3

No act or omission by Officer Strickling was the proximate cause of any loss or injury to any of the Plaintiffs. In fact, Plaintiffs' own criminal misconduct was tproximate cause of any damages they may have sustained.

Officer Strickling is entitled to qualified immunity because he did not violate any constitutional right of Plaintiffs that was clearly established at the time of the incidents complained of.

The facts of this case do not support the imposition of punitive damages against Officer Strickling.

### b. Defendant Michael Donaldson

Plaintiffs' claims against Detective Michael Donaldson are meritless. Simply stated, Detective Donaldson's use of force to detain Plaintiff Ronrico Joslin was patently reasonable. Furthermore, Detective Donaldson did not tamper with Ronrico Joslin's cell phone. Indeed, Detective Donaldson went out of his way to return Joslin's cell phone when he found it. Finally, there is no basis for Plaintiffs' claim that Detective Donaldson, who is African-American, discriminated against Plaintiffs because they are African-American. Accordingly, Detective Donaldson is entitled to qualified immunity and Plaintiffs' state law claims fail on all fronts.

### c. Defendant Adam Read

Defendant Officer Adam Read denies all liability. Officer Read's conduct—that is, assisting another officer in serving an outstanding warrant and entering Plaintiff Mary Mitchell's home only after Ms. Mitchell gave consent for officers to enter—was reasonable, lawful, and not outrageous. Indeed, Plaintiff Mary Mitchell's own criminal misconduct was the proximate cause of any damages she may have sustained. For these

4

same reasons, Officer Read is entitled to qualified immunity because he did not violate any of Ms. Mitchell's constitutional rights.

### d. Defendant Julian Pirtle

Defendant Detective Julian Pirtle denies all liability. Plaintiff Walter Joslin was taken into custody without any use of force.[2] Accordingly, Detective Pirtle's conduct in this case was reasonable in all respects, lawful, and not outrageous. For these same reasons, Detective Pirtle is entitled to qualified immunity because he did not violate any of Plaintiffs' constitutional rights.

### e. Defendant David Layne

Defendant Detective (now Sergeant) David Layne denies all liability. Plaintiff Walter Joslin was taken into custody without any use of force. Any force used in this case against Plaintiff Ronrico Joslin was reasonable under the circumstances. Sergeant Layne did not unreasonably seize or unlawfully tamper with any Plaintiff's property. There is likewise no basis for Plaintiffs' claims that Sergeant Layne's conduct was racially-motivated or that Sergeant Layne used racial slurs. Instead, Sergeant Layne's conduct was reasonable, lawful, and not outrageous. For these same reasons, Sergeant Layne is entitled to qualified immunity because he did not violate any of Plaintiffs' constitutional rights. Plaintiffs' own criminal misconduct, rather, was the proximate cause of any damages they may have sustained.

### f. Defendant Robert ("Chris") McIsaac

Defendant Officer Chris McIsaac denies all liability. Plaintiff Walter Joslin was taken into custody without any use of force. Any force used in this case against Plaintiff

---

[2] Plaintiff Ronrico Joslin has not asserted an excessive force or assault and battery claim against Detective Pirtle.

Ronrico Joslin was reasonable under the circumstances. Officer McIsaac did not unreasonably seize or unlawfully tamper with any Plaintiff's property. There is likewise no basis for Plaintiffs' claims that Officer McIsaac's conduct was racially-motivated or that Officer McIsaac used racial slurs. Instead, Officer McIsaac's conduct was reasonable, lawful, and not outrageous. For these same reasons, Officer McIsaac is entitled to qualified immunity because he did not violate any of Plaintiffs' constitutional rights. Plaintiffs' own criminal misconduct, rather, was the proximate cause of any damages they may have sustained.

### g.     Defendant William Mackall

Defendant Lieutenant William Mackall denies all liability. Plaintiff Walter Joslin was taken into custody without any use of force. Any force used in this case against Plaintiff Ronrico Joslin was reasonable under the circumstances. Lieutenant Mackall did not unreasonably seize or unlawfully tamper with any Plaintiff's property. There is likewise no basis for Plaintiffs' claims that Lieutenant Mackall's conduct was racially-motivated or that Lieutenant Mackall, who is also African-American, used racial slurs. Instead, Lieutenant Mackall's conduct was reasonable, lawful, and not outrageous. For these same reasons, Lieutenant Mackall is entitled to qualified immunity because he did not violate any of Plaintiffs' constitutional rights. Plaintiffs' own criminal misconduct, rather, was the proximate cause of any damages they may have sustained.

### h.     Defendant Michael Galluzzi

Defendant Detective Michael Galluzzi denies all liability. Plaintiff Walter Joslin was taken into custody without any use of force. Any force used in this case against

6

Case 3:12-cv-01284   Document 86   Filed 10/16/13   Page 6 of 10 PageID #: 662

Plaintiff Ronrico Joslin was reasonable under the circumstances. Detective Galluzzi did not unreasonably seize or unlawfully tamper with any Plaintiff's property. There is likewise no basis for Plaintiffs' claims that Detective Galluzzi's conduct was racially-motivated or that Detective Galluzzi used racial slurs. Instead, Detective Galluzzi's conduct was reasonable, lawful, and not outrageous. For these same reasons, Detective Galluzzi is entitled to qualified immunity because he did not violate any of Plaintiffs' constitutional rights. Plaintiffs' own criminal misconduct, rather, was the proximate cause of any damages they may have sustained.

### i. Defendant Metropolitan Government

The Metropolitan Government denies all liability. No employee of the Metropolitan Government violated any constitutional or other rights of Plaintiffs. Rather, all of the Metropolitan Government employees with whom Plaintiffs interacted during the incidents that form the basis for this lawsuit acted reasonably and lawfully under the circumstances. But even if Plaintiffs' constitutional rights had been violated, such violation was not the result of a custom, policy, or practice of the Metropolitan Government, much less deliberate indifference on the part of the Metropolitan Government. Plaintiffs' own criminal conduct was the proximate cause of their injuries, if any.

    **C.**    **ISSUES RESOLVED**: Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:** Liability and damages.

    **E.**    **INITIAL DISCLOSURES:** The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference, on or before **Friday, November 15, 2013**.

**F. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **Monday, July 14, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **Friday, May 30, 2014**.

**H. DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **Wednesday, August 13, 2014**. With respect to any persons who may be considered experts by reason of their education, training, or experience, but who are not specifically retained for the purpose of this litigation, including treating physicians, Plaintiff shall not be required to produce an expert report but shall only be required to identify the subject matter on which the witness is expected to testify to and provide a summary of the facts and opinions held by the witness pursuant to F.R.C.P. 26(a)(2)(C) on or before **Wednesday, August 13, 2014.** The Defendant shall identify and disclose all expert witnesses and reports on or before **Friday, September 12, 2014**.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **Monday, October 13, 2014**.

**J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before ~~**Monday, January 20, 2014**~~. Sept. 15, 2014.

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **Wednesday, November 12, 2014**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed twenty (20) pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion outlining the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

**L. ELECTRONIC DISCOVERY:** The parties do not anticipate that much, if any, electronic discovery is necessary in this case. But to the extent it is necessary, the parties will confer and agree on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M. ESTIMATED TRIAL TIME:** The parties expect the trial to last four to five days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

**APPROVED FOR ENTRY:**

/s/ Allison L. Bussell
ALLISON L. BUSSELL (#23538)
JAMES E. ROBINSON (#24680)
R. ALEX DICKERSON (#27184)
Assistant Metropolitan Attorney
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341

*Counsel for Defendants the Metropolitan Government, Michael Galluzzi, David Layne, William Mackall, Robert McIsaac, Julian Pirtle, and Adam Read*


/s/ John M. L. Brown
JOHN M.L. BROWN (#5438)
222 Second Avenue North, Suite 312
Nashville, TN 37202
(615) 242-3348

*Counsel for Defendant Edmond Strickling*


/s/ Kevin C. Klein
KEVIN C. KLEIN (#22301)
814 Church Street, Suite 202
Nashville, Tennessee 37203
(615) 600-4780

*Counsel for Defendant Michael Donaldson*


/s/ Steve D. Gibson
STEVE D. GIBSON (#16699)
4205 Gallatin Pike
Nashville, TN 37216
(615) 226-9000

*Counsel for Plaintiffs Ronrico Joslin, Walter Joslin, and Mary Mitchell*